to decide; one on which we have formed no opinion; and in relation to which we do not intend to throw out any intimation.

Second
Precinct in
Rehoboth
v.
Carpenter.

*Verdict set aside and plaintiffs nonsuit.*

----

In 1836, a writ of right was brought by *The Inhabitants of the Second Precinct in Rehoboth* v. *The Catholic Congregational Church and Society in Rehoboth*, to recover certain land devised by Ephraim Hunt, by his will dated in 1774 and approved in 1776. The testator, after reciting that he had subscribed £45 towards the ministerial fund of £1000 mentioned in the preceding case, says, "in lieu and instead of said forty-five pounds," "I give and devote" certain real estate described, "towards the support and maintaining of the public worship of God, to be made use of forever hereafter and improved by the inhabitants of the second precinct of said town of Re hoboth, that do and shall hereafter attend the public worship of God in the church at Palmer's river, so called, whereof the Rev. Robert Rogerson is now the pastor, and his successors likewise, the same moreover it is my will and pleasure that the said buildings and lands so given and devoted be annually leased out by said precinct committee that shall or may be chosen to let out said precinct money as by act of General Court enjoined, and that the yearly income and rents of said housing and lands shall from year to year forever hereafter be paid by said committee to the minister of the church at Palmer's river aforesaid (he being of the presbyterian or congregational persuasion) towards his support, over and above the interest of the aforesaid sum of one thousand pounds."

Second
Precinct in
Rehoboth
v.
Cath. Cong.
Church and
Soc. in
Rehoboth.

The facts were in general the same as those above detailed. The plaintiffs took a formal possession of the demanded premises in 1834, and gave notice to quit. No congregational church existed in the parish from 1792 to 1830, excepting the one connected with the defendant corporation.

*Eddy*, *Coffin* and *Colby*, for the demandants.

*Warren* and *A. Bassett*, for the tenants.

*Oct. 26th,*
*1837.*

*Per Curiam.* One objection is made to the demandants' title which is unanswerable. The tenants, or their committees

for their use, have been in the quiet possession of the demanded premises for more than forty years, claiming and holding the same as their property, adverse to all other claims. It is said, however, that an aggregate corporation cannot commit a disseisin unless the entry be authorized by their deed ; and so, if a corporation be disseised, the entry to revest their estate must be by an authority under seal. This was undoubtedly the ancient doctrine as to corporations ; but a more liberal doctrine has long since prevailed ; and as the law now is, corporations may be bound by implication from corporate acts without a vote or deed. *Canal Bridge* v. *Gordon*, 1 Pick. 297 ; *Episcopal Charitable Society* v. *Episcopal Church in Dedham*, 1 Pick. 372. So trover, or assumpsit, or trespass, will lie against a corporation as against a natural person. *Foster* v. *Essex Bank*, 17 Mass. R. 503. So a town or parish may acquire a title by disseisin, by an exclusive adverse occupation, although the occupation was not authorized by any writing under seal. *Milton* v. *First Parish in Milton*, 10 Pick. 452.

But the tenants' title by disseisin, if they had no title under the devise and the act of 1792, is valid according to the ancient doctrine of disseisin. By that act the committee of the Congregational Church and Society were authorized to enter on and occupy the demanded premises for the use of such church and society ; and the authority thus derived is equivalent to an authority under the seal of the corporation. The legal estate therefore is either in the committee of the Congregational Church and Society in trust for them, or in the tenants ; and, in either case, the demandants' title fails.*

---

* See *Thompson* v. *Catholic Congregational Society in Rehoboth*, 5 Pick 469